UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 13-172-HRW

KOTY D. TACKETT,                                                          PLAINTIFF,

v.           **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,         DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed applications for supplemental security income benefits on November 22, 2010 and for Child Disability Benefits on December 30, 2010, alleging disability due to asthma, diabetes and kidney stones. This application was denied initially and on reconsideration. On April 13, 2012, an administrative hearing was conducted by Administrative Law Judge Charlie Paul Andrus (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Dwight McMillion, a vocational expert (hereinafter "VE"), also testified.

At the hearing, the ALJ considered the evidence using the three-ster sequential evaluation to determine whether an individual under the age of 18 is disabled as well the five-step

sequential analysis in order to determine whether an adult is disabled. *See* 20 C.F.R. § 416.924(a) and 20 C.F.R. § 416.920.

On October 5, 2012, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 12-29). Plaintiff was 18 years old at the time of his applications. He graduated from high school and had no work history. At the time of the applications, he was a college student.

After reviewing all of the evidence and testimony, the ALJ determined that Plaintiff, prior to age 18, had severe impairments due to degenerative disc disease, type I diabetes, asthma, and renal stones (Tr. 17). After attaining the age of 18, Plaintiff's severe impairments continued to be degenerative disc disease, diabetes, and asthma, but there was no evidence that renal stones continued to pose a long-term problem (Tr. 25). Before age 18, Plaintiff did not have a medical impairment or combination of impairments that met, medically equaled, or functionally met a Listing, nor did he have an impairment or combination of impairments that met or medically equaled a Listing after attaining the age of 18 (Tr. 17-25). As of the age of 18, Plaintiff retained the residual functional capacity (RFC) to perform light work, with restrictions including occasionally climbing ladders and frequently stooping, crouching, and crawling; and no exposure to extreme cold temperatures, high humidity, vibrations, excessive dust or fumes, heights, or working around open dangerous machinery; and Plaintiff had to have a sit/stand option at one- to two-hour intervals (Tr. 25). The ALJ utilized the testimony of a vocational expert (VE) to determine that, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform (Tr. 28-29). Consequently, the ALJ found Plaintiff not disabled (Tr. 29).

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 12] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly evaluate the medical opinion evidence and (2) the ALJ did not properly assess Plaintiff's medications in evaluating his credibility.

C. **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ did not properly evaluate the medical opinion evidence. Specifically, Plaintiff states "[t]he issue arising before the Court today is whether the agency believe the physician that they hired to examine Mr. Tackett, or the non-examining physician they hired to review only the medical evidence."

The ALJ discounted portions of the opinion of consultative examiner Kip Beard, M.D. and gave greater weight to the opinion of Humildad Anzures, M.D., a state agency medical consultant.

As neither opinion is from a treating source, no special deference is presumed. Although the opinion of an examining doctor generally will receive more weight than the opinion of a doctor who did not examine the claimant, an examining relationship is only one of many factors that an ALJ considers when weighing a doctor's opinion. 20 C.F.R. § 416.927©. An ALJ also considers factors such as whether the doctor treated the claimant, the evidence the doctor presents to support his or her opinion, whether the doctor's opinion is consistent with the record as a whole, and the doctor's specialty. *Id.* Furthermore, an ALJ may discount a doctor's opinion when the doctor does not provide objective medical evidence to support his or her opinion or if the doctor's opinion is inconsistent with the record as a whole. *Id.*

The Court finds no error in the ALJ's decision to discount Dr. Beard's opinion that there would be times when Plaintiff would not be able to achieve a full day of work on days when he

had extreme high or extreme low blood sugar and would need "special accommodations" for his insulin pump (Tr. 26). Dr. Beard based this opinion on his "assumption" that Plaintiff's history regarding the variation of his blood sugars was accurate, simply because Plaintiff used an insulin pump (Tr. 318-319). However, as the ALJ noted, Dr. Beard's opinion in this regard was not supported by the evidence, which did not show that such variation occurred at a frequency that precluded maintaining employment (Tr. 26). As the ALJ discussed, in terms of Plaintiff's diabetes, records indicated that Plaintiff had an insulin pump during the period at issue; there was no evidence that Plaintiff required inpatient treatment for DKA; although his sugars were uncontrolled as of August 4, 2011, treatment records from Hazel Yang, M.D., who treated Plaintiff's diabetes, indicated that Plaintiff was generally stable with insulin treatment despite some minor noncompliance and a recommendation to improve his diet and exercise; and there were no changes in his medication or insulin through the period at issue (Tr. 26, 259-266, 416-422, 483-487, 704-709, 713-714, 844-848, 941-946). Dr. Yang's treatment notes indicated that Plaintiff's blood sugar levels were only slightly high, indicating much better control than alleged (Tr. 26, 706-707). In short, Dr. Beard's speculations were not supported either by his own findings, which were mostly normal and unremarkable, or by the other evidence of record, which did not show the kind of blood sugar fluctuations that Dr. Beard "assumed" would require special accommodations for the insulin pump and/or result in Plaintiff's alleged inability to perform a full day's work (Tr. 26). Moreover, the portion of Dr. Beard's opinion that the ALJ rejected was not based on any examination of Plaintiff, but rather was based only on Plaintiff's use of an insulin pump (Tr. 318-319).

As for Dr. Beard's statement that Plaintiff had to have "accommodations" for his insulin

5

pump, as discussed above, Dr. Beard's opinion was speculative and not based on either objective evidence or his own clinical findings, or by the record. Moreover, Plaintiff failed to explain how a purely speculative statement could possibly translate into specific limitations on his ability to work.

Plaintiff also argues that the ALJ erred in giving weight to Dr. Anzures' opinion except for the exertional level, which Dr. Anzures found to be medium (Tr. 27). The ALJ reduced Plaintiff's exertional level to light with a sit/stand option based on Plaintiff's hearing testimony (Tr. 27). First, he maintains that because Dr. Anzures did not examine him, her opinion is flawed. This argument is contrary to law, which permits the ALT to consider opinions from non-examining sources 20 C.F.R. § 416.927. Second, Plaintiff contends that Dr. Anzures failed to discuss any accommodations for Plaintiff's insulin pump. However, as noted above, Plaintiff failed to explain what "accommodations" he believes he would need or how this would have translated into actual functional limitations on his ability to work; and, moreover, as discussed above, the ALJ properly found that these speculations of Dr. Beard's were not supported by the record (Tr. 26). As for Plaintiff's contention that Dr. Anzures completed a form and gave vague evidence to support her findings, first, the form Dr. Anzures completed is a Social Security form that state agency medical consultants use. Dr. Anzures' evidence to support her findings, as discussed above, was not "vague" (Tr. 324-331). In any event, the ALJ discussed that the evidence supported her opinion, except that the ALJ gave some credence to Plaintiff's hearing testimony (which Dr. Anzures did not review prior to giving her opinion, since she completed it before the hearing) and reduced Plaintiff to light work with a sit/stand option (Tr. 27, 324-331). Even if Dr. Anzures had been "vague," her opinion would still be entitled to great weight since it

was supported by the other evidence of record. Finally, Plaintiff makes a cursory argument that Dr. Anzures "failed to mention or discuss [Plaintiff's] positive MRI which revealed a disc herniation." However, while Dr. Anzures did not specifically mention the MRI, she also noted Plaintiff's complaints of back pain and considered that Dr. Beard's physical examination did not reveal any significant deficit (Tr. 326). The cervical spine exam was normal, and while Plaintiff stated during the lumbar spine exam that 60 degrees was as far as he thought he could go, there was no muscular spasm and Dr. Beard did not indicate any limitations resulting from low back pain (Tr. 317-319). More importantly, however, the ALJ did discuss the objective imagining, including the January 12, 2011 x-ray showing only mild degenerative changes; as well as the February 14, 2011 showing disc herniation (Tr. 26, 679, 682). The ALJ considered that at the hearing, Plaintiff only briefly mentioned his back problem (Tr. 26). He further considered that the treatment notes did not indicate the extreme limitation Plaintiff professed at his hearing (Tr. 26, 706). Finally, the ALJ accommodated Plaintiff's allegations of low back pain that he testified to at the hearing by giving Plaintiff the benefit of the doubt and reducing the exertional level to light and providing a sit/stand option (Tr. 27).

Based on the foregoing, the ALJ properly considered the opinions of Dr. Beard and Dr. Anzures, and the ALJ's RFC assessment is based on substantial evidence.

Plaintiff's second claim of error is that the ALJ did not properly assess Plaintiff's medications in evaluating his credibility. Plaintiff provides only cursory arguments in support of this contention. Plaintiff failed to identify or testify to any side effects from medication. The United States Court of Appeals for the Sixth Circuit has

> decline[d] to formulate arguments on [a claimant's] behalf, or to

> undertake an open-ended review of the entirety of the administrative record to determine (I) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that [a claimant] appears to raise in [his /her] brief on appeal.

*Hollon ex rel. Hollan v. Commissioner of Social Security*, 447 F.3d 477, 491 (6th Cir. 2006). In *Hollan*, the court also refused to consider claimant's generalized arguments regarding the physician's opinions of record:

> [Claimant] has failed to cite any specific opinion that the ALJ purportedly disregarded or discounted, much less suggest how such an opinion might be impermissibly inconsistent with the ALJ's findings. In the absence of any such focused challenge, we decline to broadly scrutinize any and all treating physician opinions in the record to ensure that they are properly accounted for in the ALJ's decision.

*Id. See also, McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) ( " ' [I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.'") (citations omitted); *United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993)(noting that "it is not our function to craft an appellant's arguments").

Notwithstanding Plaintiff's failure to properly present his argument to this Court, the record reveals that Plaintiff, despite testifying that he took medications, did not testify at his hearing that he experienced any side effects from medication (Tr. 38-45). Also, the ALJ discussed Plaintiff's medication, including insulin and the insulin pump, and stated that Dr. Yang's treatment notes showed no changes in medication during the period at issue, and that

8

Plaintiff's condition was generally stable on his medications (Tr. 26). The ALJ considered Plaintiff's allegations of disabling symptoms, and found them not to be completely credible, in light of the medical evidence, including treatment notes, Dr. Beard's unremarkable physical findings, and the opinion evidence; and Plaintiff's activities, including going to college and concentrating on school work (Tr. 26-27). The ALJ also properly noted the effectiveness of Plaintiff's medication in controlling his condition, which constitutes further evidence that Plaintiff's condition was not as limiting as he claimed . Based upon the record, the Court finds that the ALJ properly evaluated Plaintiff's credibility.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 19th day of March, 2015.

Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**

Henry R. Wilhoit, Jr., Senior Judge